**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4505**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYES BARRERA ALACHAN,

Defendant - Appellant.

**No. 19-4506**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REYES BARRERA ALACHAN,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:19-cr-00073-CMH-1; 1:18-cr-00380-CMH-1)

Submitted: January 31, 2020                    Decided: February 5, 2020

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

John C. Kiyonaga, LAW OFFICE OF JOHN C. KIYONAGA, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Katherine E. Rumbaugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Reyes Barrera Alachan ("Barrera"), seeks to appeal his sentence imposed by the district court after he pled guilty to conspiracy to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2018), possession with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (2018), and engaging in the business of dealing firearms without a license, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D) (2018).  He argues that his sentence is procedurally unreasonable because the district court incorrectly determined his criminal history category, improperly enhanced his Sentencing Guidelines sentence for possessing a firearm in connection with another felony, and improperly imposed a Guidelines enhancement in violation of his right to due process, citing *United States v. Davis*, 139 S. Ct. 2319 (2019) (holding that residual clause in § 924(c)(3)(B) is unconstitutionally vague). The Government contends that the appeals are barred by Barrera's waiver of the right to appeal in the written plea agreement.

Upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Barrera knowingly and voluntarily waived his right to appeal any sentence within the statutory maximum, and that the issues Barrera seeks to raise on appeal fall squarely within the compass of his waiver of appellate rights.  *See United States v. Dillard*, 891 F.3d 151, 156-57 (4th Cir. 2018) (stating standard of review and providing standard for enforcement of appeal waiver).

Accordingly, we dismiss the appeals.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

*DISMISSED*